IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRACY A. SAVOY,** | * | |
| *Petitioner,* | * | |
| v. | * | Civil Action No. RWT-13-751 |
| **FRANK BISHOP,** **WARDEN, NORTH BRANCH** **CORRECTIONAL INSTITUTION,** *et al.,* | * | |
| *Respondents.* | * | |

## MEMORANDUM OPINION

Tracy A. Savoy ("Savoy") filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on March 1, 2013.[1] ECF No. 1. Savoy challenges his 2004 convictions in two separate cases in the Circuit Court for Charles County, Maryland, alleging that his sentences were illegal pursuant to Maryland Rule 4-243(c) and (d). *Id.* at 1–6. The threshold issue in this case is whether the one-year limitations period under 28 U.S.C. § 2244(d) was tolled by his Motions to Reconsider Sentence filed in state court.

Upon review of the pleadings, the Court finds no need for a hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the Petition will be dismissed and a Certificate of Appealability will not issue.

---

[1] The Petition was signed and delivered to prison officials for mailing on March 1, 2013, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that pleadings are deemed filed on date prisoner relinquishes control over them to prison officials). The Court received the Petition on March 11, 2013.

I. **Background and Procedural History**

   a. **Savoy's Actions in State Court**

On April 6, 2004, Savoy entered guilty pleas in two separate cases before the Circuit Court for Charles County, Maryland: Case Nos. 08-K-03-000719 and 08-K-03-001262. ECF No. 1-1 at 1. Savoy pled guilty to attempted first-degree murder, use of a handgun in a commission of a felony, and conspiracy to commit robbery with a deadly weapon. *Id.* He was sentenced on June 15, 2004, to (1) life imprisonment, with all but thirty years suspended, for attempted first-degree murder; (2) twenty years for use of a handgun in a commission of a felony, to run concurrently with the life sentence; and (3) twenty years for conspiracy to commit robbery with a deadly weapon, to run concurrently with the other sentences. *Id.* at 2. Savoy did not file a direct appeal. ECF No. 1 at 3. Therefore, his convictions became final for direct review purposes on July 15, 2004. *See* Md. Rule 8-204(b)(2) (requiring application for leave to appeal to be "filed within 30 days after the entry of the judgment or order from which the appeal is sought.").

Although Savoy did not directly appeal the judgments, he did timely file Motions to Reconsider Sentence, as well as Applications for Review of Sentence, in both cases on June 29, 2004, and July 12, 2004, respectively. ECF Nos. 6-1 at 13; 6-2 at 12. After reviewing the Applications for Review of Sentence, the Circuit Court affirmed both of Savoy's sentences. ECF Nos. 6-1 at 14; 6-2 at 12. No action was taken on the Motions to Reconsider Sentence. *See* ECF Nos. 6-1; 6-2.

While Savoy filed petitions for post-conviction relief in 2010 in the state court, the Court need not address these filings because they are not dispositive of the threshold issue of whether

Savoy's Motions to Reconsider Sentence filed in 2004 tolled the one-year limitations period required by 28 U.S.C. § 2244(d).

### b. Savoy's Petition in Federal Court

In his Petition filed on March 1, 2013, Savoy argued that his sentence was illegal pursuant to Maryland Rule 4-243(c) and (d). ECF No. 1 at 6. On June 6, 2013, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus and Order to Show Cause [ECF No. 6], arguing that the Petition was time-barred and should be dismissed on that basis. ECF No. 6 at 1–2. Savoy filed a "Traverse to the Answer"—which the Court will construe as a reply—where he asserted that the Petition was timely because the one-year limitations period required by § 2244(d)(1) was tolled pursuant to § 2244(d)(2) during the pendency of his Motions to Reconsider Sentence filed in 2004. ECF No. 7 at 3–6.

On July 12, 2013, the Court directed Respondents to supplement their Limited Answer to address whether Savoy's Motions to Reconsider Sentence in state court constituted properly filed state post-conviction proceedings which served to statutorily toll the limitations period required by 28 U.S.C. § 2244(d)(1). ECF No. 11. Respondents filed a Supplemental Answer [ECF No. 12], contending that the Motions to Reconsider Sentence did not constitute properly filed state post-conviction proceedings and that the limitations period, therefore, was not tolled. ECF No. 12 at 1.

The Court stayed this case on October 29, 2015, noting that "[s]imilar questions concerning when a motion [for reconsideration of sentence] is a 'properly filed application for State post-conviction or other collateral review' for tolling purposes under 28 U.S.C. § 2244(d)(2)" were also under consideration in *Mitchell v. Green, et al.*, DKC-13-2063 (D. Md.) and *Wells v. Wolfe*, CCB-14-985 (D. Md.). ECF No. 20. Those cases

3

were stayed pending a decision by the United States Court of Appeals for the Fourth Circuit in *Woodfolk v. Maynard, et al.,* No. 15-6364 (4th Cir.). *Woodfolk* presented the question, *inter alia*, whether a motion for reduction or modification of a sentence in state court served to toll the one-year limitations period that applies to § 2254 petitions. The United States Court of Appeals for the Fourth Circuit issued its decision in *Woodfolk* on May 23, 2017, without reaching that question. *Woodfolk*, 857 F.3d 531 (4th Cir. 2017). On July 20, 2017, this Court lifted the stay in this action. ECF No. 26. Accordingly, the case is now ripe for decision.

**II.     Legal Standard**

The threshold issue in this case is whether Savoy's 2004 Motions to Reconsider Sentence filed in state court tolled the one-year limitations period under 28 U.S.C. § 2244(d). Only if the Petition was timely will the Court reach the merits of Savoy's claim.

Generally, a one-year statute of limitations applies to habeas petitions for a person convicted in a state court. 28 U.S.C. 2244(d)(1). This one-year period, however, is tolled while a state court considers a Petitioner's "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

In *Wall v. Kholi*, 562 U.S. 545 (2011), the United States Supreme Court addressed the question of "whether a motion for reduction of sentence under Rhode Island's Rule 35 is an 'application for State post-conviction or other collateral review.'" 562 U.S. at 551 (citing § 2244(d)(2)). The Court concluded that the phrase "'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review." *Id.* at 547. The Court also held that a "motion to reduce sentence under Rhode Island law is an application for 'collateral review' that triggers [§ 2244(d)(2)'s] tolling provision." *Id.* at 556. The Court,

however, limited its analysis and holding "to a motion to reduce sentence *under Rhode Island law*." *Id.* at 550 (emphasis added).

Maryland Rule 4-345(e) "Modification Upon Motion" provides that the circuit courts of Maryland have "revisory power over [a] sentence" upon a "motion filed within 90 days after imposition of sentence." Neither the United States Court of Appeals for the Fourth Circuit nor the United States Supreme Court, however, has addressed whether a motion to reconsider sentence under Maryland law is an application for "collateral review" that triggers § 2244(d)(2)'s tolling provision.

## III. Analysis

As discussed above, Savoy's convictions became final for direct review purposes on July 15, 2004. *See supra* Part I.A. Savoy asserts that his Petition is timely because his Motions to Reconsider Sentence, filed on June 29, 2004 and July 12, 2004 pursuant to Maryland Rule 4-345(e), tolled the limitations period of § 2244(d)(1). ECF No. 7 at 2–4. Savoy argues that the Court should apply similar logic from the *Kholi* Court to a motion to reconsider sentence filed pursuant to Maryland Rule 4-345(e). ECF No. 7 at 4. Respondents, however, contend that Savoy's Motions to Reconsider Sentence did not toll the limitations period and, therefore, the Petition is untimely because Savoy did not file his Petition until March 1, 2013—long after the one-year limitations period expired following Savoy's conviction becoming final on July 15, 2004. ECF No. 6 at 4 n.4.[2] Therefore, if the Court concludes that a motion to reconsider sentence, under Maryland law, tolls the one-year statutory limitations period pursuant to § 2244(d)(2), Savoy's Petition would be considered timely and the Court could reach the merits of his claim. If the Court, however, concludes that a motion to reconsider sentence under

---

[2] The Court need not consider whether Savoy's 2010 application for post-conviction relief in the circuit court tolled the one-year limitations period because Savoy would still be procedurally barred from bringing forth his claim if the Court concludes that Savoy's 2004 Motions to Reconsider Sentence did not toll the limitations period.

Maryland law does not toll the limitations period, Savoy would be procedurally barred from bringing his claim since the period lapsed on July 15, 2005.

Although the Fourth Circuit has not directly addressed this question, other judges of this Court have concluded that a motion to reduce sentence under Maryland law is distinguishable from the motions under Rhode Island law analyzed by the *Kohli* Court. *See Tasker v. Maryland*, 2013 WL 425040, at *2 (D. Md. Jan. 31, 2013) (Williams, J.); *see also Woodfolk v. Maynard*, 2014 WL 6674577, at *2 (D. Md. Nov. 24, 2014) (Motz, J.), *vacated and remanded on other grounds*, 857 F.3d 531 (4th Cir. 2017). In *Woodfolk*, Judge Motz reasoned that:

> In applying the rules announced in *Kholi* to Maryland law, this court has held that a motion for reconsideration filed pursuant to Maryland Rule 4-345 does not meet the criteria for tolling as outlined in *Kholi*. This court found the Maryland scheme for filing such motions distinguishable from Rhode Island law. Specifically, Maryland motions for modification do not serve to indefinitely toll the limitations period set forth under 28 U.S.C. § 2244(d) because they involve a request for leniency, are not subject to appellate review, and do not raise cognizable federal claims requiring exhaustion.

*Woodfolk*, 2014 WL 6674577, at *2 (citation omitted).

This Court concurs with the sound logic laid forth by the *Woodfolk* and *Tasker* Courts—seeing nothing in Savoy's pleadings that would materially distinguish his case from those in either case. Because Savoy's 2004 Motions to Reconsider Sentence did not trigger the tolling provision of § 2244(d)(2), the one-year limitations period required by § 2244(d)(1) lapsed on July 15, 2005. Accordingly, the Petition is time-barred and Savoy is procedurally barred from bringing his claim.

## IV. Certificate of Appealability

When a Court denies a habeas petition on procedural grounds, a Certificate of Appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that

6

(1) reasonable jurists would find that an assessment of the constitutional claims is debatable and (2) that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rouse v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The Court need not address the merits of the second prong because the Court concludes that reasonable jurists would not find Savoy's claims debatable.

## V. Conclusion

For the reasons stated herein, Savoy's petition for writ of habeas corpus will be dismissed and a Certificate of Appealability will not issue.  A separate order follows.


<u>August 15, 2017</u>                                                  <u>        /s/                         </u>
Date                                                                           ROGER W. TITUS
                                                                                     UNITED STATES DISTRICT JUDGE