IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRACY A. SAVOY       :
    Petitioner   :

v.                   :
                  Civil Action No. DKC 13-751
                     :
WARDEN FRANK BISHOP, ET AL.
    Respondents  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this state habeas corpus action is Petitioner's motion for reconsideration. (ECF No. 31). The matter is ready for resolution, and no hearing is necessary. Local Rule 105.6. For the following reasons, the motion will be granted and the state will be provided a period of time within which to respond to the habeas motion on the merits.

Petitioner filed a Petition under 28 U.S.C. § 2254 dated March 1, 2013, challenging his convictions in the Circuit Court for Charles County in two cases: 08-K-03-000719 (counts 1 and 9) and 08-K-03-0001262 (count 44). The State filed a limited response, contending that the petition was time barred. After further briefing, Judge Titus entered an order staying this case pending resolution of *Mitchell v. Green*, DKC 13-2063, and *Wells v. Wolfe*, CCB 14-985. (ECF No. 20). *Mitchell* and *Wells* were stayed pending the decision of the United States Court of Appeals for the Fourth Circuit in *Woodfolk v. Maynard*, No. 15-6364. The *Mitchell*, *Savoy*,

and *Wells* petitions raised the same question: whether a state court motion to reduce sentence under Rule 4-345 of the Maryland Rules tolled the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing § 2254 petitions. The Fourth Circuit issued its opinion on May 23, 2017, without reaching the question of whether a motion for modification filed in Maryland state court statutorily tolled the limitations period. *See Woodfolk v. Maynard*, 857 F.3d 531, 543 n.6 (4th Cir. 2017). The appellate court's mandate was issued on June 14, 2017. The stay in Mr. Savoy's case was lifted on July 20, 2017, and the petition was dismissed as untimely on August 15, 2017. Judge Titus did not grant a certificate of appealability. (ECF Nos. 27; 28). Petitioner did not appeal the dismissal.

The undersigned, in *Mitchell v. Green*, 2017 WL 4536001 (D.Md. October 11, 2017), also dismissed the petition as untimely, but did grant a certificate of appealability, recognizing that the issue was far from clear. The Fourth Circuit vacated the dismissal, finding that a motion for reconsideration of sentence did toll the time for filing a federal habeas petition. *Mitchell v. Green*, 922 F.3d 187, 195–98 (4th Cir. 2019). In reversing, the Fourth Circuit cited this case as one of at least eight that were

incorrectly decided.  Indeed, the Westlaw headnote states that *Mitchell v. Green* abrogated the trial court decision in this case.

A motion for relief from a final judgment, under Fed.R.Civ.P. 60(b)(6), must be filed within a reasonable time, and must establish extraordinary circumstances.  *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016).  Citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), the Fourth Circuit observed that changes in procedural law in the habeas context seldom justify reopening long closed cases.  *Moses*, 815 F.3d at 168.

Here, unlike in *Gonzalez* and *Moses*, the decision in *Mitchell v. Green* overturned an unbroken line of cases in this district that, until the attorney representing Mr. Mitchell thoroughly briefed the issue, appeared beyond question.  The Fourth Circuit had considered two cases that appeared to raise the issue, but resolved them without reaching the point.  Petitioner cannot be faulted for not seeking a certificate of appealability under the circumstances.  As soon as the Fourth Circuit decided *Mitchell v. Green*, he sought relief from the judgment.  Respondent concedes that he acted in a timely fashion.  Moreover, as Mr. Savoy pointed out, his own case had been stayed for years while the issue percolated between this court and the Fourth Circuit, he had requested the appointment of counsel due to the litigation, Judge

Titus denied appointment of counsel, without prejudice, due to the stay but then did not reconsider the request upon lifting the stay and almost immediately dismissed the petition. While Mr. Savoy obviously knew of the issue, *i.e.* whether the motion for reconsideration of sentence tolled the running of the statute of limitations, he sought assistance of counsel to understand the arguments for changing the decisional law. Because this court recognized that Mr. Savoy was in exactly the same position as Mr. Mitchell, but inexplicably failed ultimately to treat the litigants in parallel by continuing the stay in this case until *Mitchell v. Green* was decided by the Fourth Circuit, there are extraordinary circumstances present here.

For the foregoing reasons, Petitioner's motion for reconsideration will be granted, the dismissal order issued by the late Judge Titus will be vacated and the case reopened, and Respondents will be directed to respond to Petitioner's Petition. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge